**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-12853

Non-Argument Calendar

————————————————

STEPHEN MORETTO,

*Plaintiff-Appellant,*

*versus*

WARDEN ROGERS,
Warden Rogers, Florida Department of Correction,
in his individual capacity,
R CHAVEZ,
Officer Chavez, Okeechobee C. I., in his individual capacity,
CAPTAIN DUGAN,
Individual Capacity,
FROST,
Captain Frost, Charlotte C. I., in his individual capacity,

*Defendants-Appellees,*

WARDEN COX,
Warden Cox, Florida Department of Correction,
in his individual capacity, et al.,

*Defendants.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cv-14315-RLR
_____

Before ABUDU, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

Stephen Moretto appeals from the district court's decision granting a motion to dismiss his second amended complaint for failure to exhaust his administrative remedies. After careful review, we affirm.

## I.  BACKGROUND

### A.    Second Amended Complaint

In March 2024, Moretto filed his second amended complaint against two defendants—A. Rankine and Dugan. Rankine and Dugan were correctional officers at the Florida Department of Corrections ("FDOC") Okeechobee Correctional Institution, where Moretto was an inmate.

On March 19, 2024, the district court screened Moretto's second amended complaint pursuant to 28 U.S.C. § 1915A. It allowed Moretto's retaliation claim against Dugan in his individual capacity to proceed and dismissed Rankine from the case. Moretto has not appealed this order.

This left Moretto's claims, *inter alia*, against Dugan that he retaliated against Moretto in violation of the First Amendment to

the United States Constitution by (1) sending Moretto to disciplinary confinement, and (2) ordering other officers not to give Moretto any legal materials while he was in confinement.

In his second amended complaint, Moretto asserted that he exhausted all administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"). In support of that assertion, Moretto attached three grievances that he purportedly filed with the FDOC in relation to his claims.

### B.    Dugan's Motion to Dismiss

On June 14, 2024, Dugan moved to dismiss Moretto's second amended complaint, arguing that Moretto failed to properly exhaust his available administrative remedies through the FDOC's grievance process.

The Florida Administrative Code details the procedures required of inmates who wish to initiate a grievance. Except in limited circumstances, inmates must use the informal grievance process prior to filing a formal grievance. Fla. Admin. Code. r. 33-103.005(1). The recipient of an informal grievance must respond to the inmate indicating whether the grievance is approved, denied, or returned without action and state the reasons for the decision. *Id.* r. 33-103.005(4)(b).

The inmate may then file a formal grievance with the response attached, if applicable. *Id.* r. 33-103.005(4)(a). If the inmate believes that their formal grievance was not adequately resolved, the inmate may submit an appeal. *Id.* r. 33-103.007(1).

Dugan attached to his motion to dismiss excerpts from the FDOC Inmate Grievance Database, which showed that Moretto filed informal and formal grievances concerning Dugan.

Moretto's formal grievance against Dugan was denied. When Moretto appealed that decision, the appeal was returned without action because the appeal presented new allegations that Moretto had not yet raised. *See* Fla. Admin. Code r. 33-103.014(1)(o). According to Alan McManus, Bureau Chief of the Bureau of Policy Management and Inmate Appeals, Moretto did not take any further action regarding this appeal. In other words, Moretto did not take further action to correct the deficiencies in his appeal. Moretto thus had not exhausted the appeal of his formal grievance.

Moretto's informal grievance concerning Dugan was "approved" in that it was sent to the Inspector General for investigation. However, the Inspector General did not investigate further and instead sent the report back to management for handling. Management offered Moretto a "protection review," which he declined. In response to Dugan's motion to dismiss, Moretto asserted that the referral to the Inspector General "induced [him] to believe that no further action was required." Nonetheless, Moretto officially did nothing further as to this informal grievance.

The district court granted Dugan's motion to dismiss, finding that Moretto only partially exhausted his administrative remedies. The district court specifically found that the grievances

attached to Moretto's second amended complaint did not refute the evidence presented by Dugan showing that Moretto did not complete the administrative appellate process. Moretto timely appealed.[1]

## II. DISCUSSION

Section 1997e(a) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This section "mandates strict exhaustion." *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005). As a result, incarcerated plaintiffs must "exhaust all 'available' remedies, not just those that meet federal standards." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

In this case, the FDOC Inmate Grievance Database established that Moretto failed to take the prescribed action regarding his grievances. To wit, Moretto did not (1) rectify the issues identified in the appeal of his formal grievance or (2) submit a formal grievance with the response to his informal grievance attached. Therefore, Dugan carried his burden to prove Moretto did not fully exhaust his available administrative remedies, as

---

[1] We review "de novo a district court's interpretation and application of 42 U.S.C. § 1997e(a)'s exhaustion requirement." *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005). The defendant bears the burden of proving that the plaintiff failed to exhaust his available administrative remedies. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

6                    Opinion of the Court                    24-12853

required by the PLRA.  *See* 42 U.S.C. § 1997e(a); *see also Johnson*, 418 F.3d at 1155.

### III.  CONCLUSION

Because the district court properly granted the motion to dismiss, we affirm.

**AFFIRMED.**